# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| FRANK DAMAS JONES, )<br>#265988, )<br>) <br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>WARDEN, EVANS )<br>CORRECTIONAL INSTITUTION, )<br>)<br>Respondent. )<br>_____) | CIVIL ACTION NO. 9:09-1978-JFA-BM<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on July 11, 2009.[1]

The Respondent filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on October 26, 2009. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on October 27, 2009, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. However, despite receiving multiple extensions of time and warnings about the consequences of not responding, Petitioner has failed to file a response to the Respondent's motion.

---

[1] Since it is difficult to read the date that the petition was delivered to the prison mail room, the credited filing date is based on the date on the application. See Houston v. Lack, 487 U.S. 266, 270-276 (1988).



This matter is now before the Court for disposition.[2]

**Procedural History**

Petitioner was indicted in the September 1998 term of the York County Court of General Sessions for distribution of crack cocaine, third and subsequent offense [Indicment No. 98-GS-46-2585] and distribution of crack cocaine within the proximity of a park [Indictment No. 98-GS-46-2583]. (R.pp. 102-103, 107-108). Petitioner was represented by James Hatcher, and on April 13, 2000, pled guilty to these charges. See (R.pp. 1-18).[3] Petitioner was sentenced to twenty (20) years and imposed a fine of fifty thousand dollars ($50,000) for distribution of crack cocaine, and fifteen (15) years, concurrent, and a fine of ten thousand dollars ($10,000) for distribution of crack cocaine within the proximity of a park. (R.pp. 16-17, 105, 109).

Petitioner's counsel filed a timely appeal and was represented on appeal by Assistant Appellate Defender Aileen P. Clare. Petitioner raised the following issue on appeal:

> Was Appellant's guilty plea invalid because the Court failed to order a mental examination after learning of Appellant's profound psychological disorder?

(R.p. 22).

On February 21, 2001, the South Carolina Court of Appeals affirmed Petitioner's conviction. See State v. Frank Demas Jones, 01-UP-093 (S.C.Ct.App. Feb. 21, 2000). (R.pp. 40-41). Petitioner filed a petition for rehearing; (R.pp. 42-45); which the Court of Appeals denied on April 19, 2001. (R.p. 46). The Remittitur was issued on May 24, 2001. (R.pp. 113).

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Two additional charges for conspiracy and distribution were nolle prossed. (R.p.3).



2

Petitioner then filed a pro se Application for Post Conviction Relief ("APCR") in state circuit court on September 15, 2003. Jones v. State of South Carolina, No. 2003-CP-46-2501. (R.pp. 46-50). Petitioner raised the following issue in his APCR:

> I was charged with distribution to the 3rd offense but I didn't distribute, I just showed the buyer where to go. He happened to be a cop.

(R.p. 47).

The State filed a return and argued that the petition was untimely under the state statute of limitations; (R.pp. 51-55); following which the PCR judge filed a conditional order of dismissal on July 19, 2005. (R.pp. 56-58). Petitioner was represented in his APCR by Robert W. Hayes, Jr., and an evidentiary hearing was held on November 7, 2005.[4] (R.pp. 61-93). The PCR Judge thereafter denied the petition in its entirety on January 18, 2007.[5] (R.pp. 94-101).

Petitioner appealed the denial of his APCR, and was represented in his appeal by Eleanor Duffy Clearly, Appellate Defender with the South Carolina Commission on Indigent Defense, who raised the following issue:

> Was trial counsel ineffective for failing to request an examination and hearing to determine Petitioner's competency to plead guilty where there was evidence Petitioner was paranoid schizophrenic and being unsuccessfully medicated?

See Petition, p. 2.

On January 8, 2009, the South Carolina Supreme Court denied certiorari. See Jones v. State, Order

---

[4]The transcript from this hearing is dated 2006, although the Respondent represents that this hearing occurred in 2005. (R.pp. 61, 93). That year is also reflected in the PCR court's order. (R.p. 94). These dates do not affect any of the arguments concerning the timeliness of the petition.

[5]The PCR court addressed two issues in its order: (1) ineffective assistance of counsel for allowing Petitioner to plead guilty without requesting a mental evaluation, and (2) involuntary guilty plea because the trial judge should have required a mental evaluation, sua sponte, after Petitioner informed the trial judge that he had suffered from schizophrenia. (R.pp. 96-101).



dated January 8, 2009. The Remittitur was sent down on January 26, 2009. See Remittitur (dated January 26, 2009).

Petitioner then filed this federal habeas corpus petition, raising the following issues:

**Ground One**: Was given too much time for crime.

**Supporting Facts**: I was given 20 years 85% for 3 drug charges - a couple of the charges were simple possession. I was offered 10 -85% but went to court and [sic] caught 20 years, 85%.

**Ground Two:** Some mental illness played some part of the crime.

See Petition, p. 5.

In a second Petition dated August 17, 2009, Petitioner raises the following allegations:

**Ground One**: I was a user to a certain extent and never a seller. I received 20 years- 85% - 2 possession charges and distribution. I took a person to buy - I didn't sell crack.

**Supporting Facts**: I went to Morris Village once, a rehab place. I also drawed disability checks for a chemical imbalance.

See Petition, p. 6.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a



4

clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## I.

Based upon a review of the Petition and record in this case, the Respondent correctly points out that this entire Petition appears to be subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within the applicable one (1) year statute of limitations. This limitations period is part of the AEDPA,[6] and runs from the latest of -

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A).

---

[6]Antiterrorism and Effective Death Penalty Act of 1996.



5

The record reflects that Petitioner did not file his PCR action until over two years after the dismissal of his direct appeal. Although Petitioner's APCR was also untimely, the PCR court proceeded to discuss the case on the merits, noting that Petitioner raised mental and health issues which prevented him from timely filing his APCR. However, the state court's decision to proceed on the merits of Petitioner's claims, despite the untimeliness of his state court PCR filing, does not control the federal court's decision as to whether tolling should apply to the federal statute of limitations. Cf. Clark v. Ricci, No. 08-3347, 2009 WL 2778444 at *9 (D.N.J. Aug. 27, 2009). Furthermore, although the PCR court references these alleged mental and health issues, it specifically found that Petitioner had not presented any evidence to support his entitlement to tolling of the state statute of limitations. Additionally, although Petitioner did file his federal petition within one (1) year from the date that the Remittitur was issued on his PCR appeal, the filing of Petitioner's APCR did not restart the federal statute of limitations. Cf. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Harris v. Hutchinson, 209 F.3d 325, 327-328 (4th Cir. 2000). Therefore, this federal Petition has not been timely filed under § 2244(d)(1)(A), and should be dismissed.

## II.

The Fourth Circuit has held that the federal one year statute of limitations can be subject to equitable tolling; see Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris, 209 F.3d at 330)); although circumstances will rarely warrant equitable tolling. Equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" which prevent a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000);



Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004). Further, a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo, 342 F.Supp.2d at 230; Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

To obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113). Petitioner has not met his burden of showing that "extraordinary circumstances" prevented him from timely filing his federal Petition, or that he could not have filed a timely petition. Harris, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]; see also Smith v. McGinnis, 208 F.3d 13, 17-18 (2nd Cir. 2000)[AEDPA's statute of limitations may be equitably tolled only in rare and exceptional circumstances and only "if party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."]. Indeed, Petitioner has not even responded to the argument that his petition is time barred. Accordingly, Petitioner is not entitled to equitable tolling, and he should therefore be barred from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

### III.

Notwithstanding the findings and conclusions set out in Sections I and II of this opinion, supra, since Petitioner is proceeding pro se and has alleged certain mental problems in his federal petition, the undersigned has considered the arguments in his state court brief as to why he did not timely pursue his collateral proceedings after his conviction became final. At his PCR



hearing, the Petitioner testified that he had had a stroke and suffers from mental problems (R.pp. 70-71). While there was no supporting evidence, the PCR judge gave Petitioner the benefit of the doubt and allowed him to proceed on the merits of his claim. (R.pp. 72-73, 95-96).

Although the evidence before this Court to support equitable tolling is very weak, if Petitioner was under some type of mental limitation which prevented him from timely filing his Petition, he *could* be entitled to equitable tolling. Bolarinwa v. Williams, 593 F.3d 226, 231-232 (2d Cir. 2010)[Mental illness *may* serve as a basis for equitable tolling]; cf. Lawrence v. Florida, 421 F.3d 1221, 1226-1227 (11th Cir. 2005)[Holding that an allegation of mental incompetence, without a showing of a causal connection between the incompetence and the failure to file a timely application, did not justify equitable tolling]. Therefore, in the event the Court finds equitable tolling to be appropriate in this case, out of an abundance of caution, the undersigned has discussed hereinbelow the issues raised in the petition on the merits.

**IV.**

Petitioner argues that he was given too much time for his particular crime, that he was a user to a certain extent but never a seller, and that his mental capacity played a part in the crime. However, only Petitioner's complaints about his mental competency to enter a plea were properly exhausted at the state level for purposes of being presentable in a federal habeas petition. See (R.p. 22); Certiorari Petition, p. 2.

Since Petitioner did not properly pursue and exhaust his other claims in either his direct appeal or in his PCR appeal, they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v.



8

Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue these issues, they are otherwise fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though technically exhausted, since these issues were not properly pursued by the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Here, despite receiving numerous extensions of time and opportunities to respond,

9

Petitioner has not responded or offered any cause for his procedural default of these claims. Accordingly, Petitioner has failed to show cause for his procedural default of these issues. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]. Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if these claims are not considered. see, Wainwright v. Sykes, supra; Murray, 477 U.S. at 496; Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496)); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995)). Although Petitioner makes conclusory allegations to assert some degree of innocence in his Petition, to prevail under an "actual innocence" theory, Petitioner must produce new evidence that was not available at trial to show his factual innocence. Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Further, Petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the crime of which he was convicted." United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999). He has failed to do so.

Therefore, these issues are procedurally barred from consideration by this Court, and must be dismissed. See 28 U.S.C. § 2254.

V.

Petitioner's only properly exhausted claim is that the Court should have ordered a mental examination and that his counsel was ineffective for failing to request an examination and hearing to determine Petitioner's competency to plead guilty where there was evidence Petitioner was



10

paranoid schizophrenic and being unsuccessfully medicated.[7] These issues were raised in Petitioner's direct appeal and (as an ineffective assistance of counsel claim) in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986).

On direct appeal, the Court of Appeals found that Petitioner had advised the Court that he was taking medications for his condition, that neither Petitioner nor his counsel raised the issue of Petitioner's mental competency, and that the trial judge did not abuse his discretion by not ordering a mental examination under the facts of this case. (R.pp. 40-41). See State v. Singleton, 472 S.E.2d 640, 642 (S.C.Ct. App. 1996)[The ordering of a mental competency examination is within the discretion of the trial judge and a failure to do so will not be disturbed on appeal absent clear showing of abuse of discretion]. The PCR court also rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Jones v. South Carolina, No. 03-CP-46-2501.

Specifically, the PCR judge found that: 1) Petitioner's counsel testified that he knew the Petitioner was diagnosed with a mental illness and that Petitioner had been taking medication for that mental illness; 2) counsel testified that he had no trouble communicating with Petitioner; 3) counsel believed the Petitioner understood the charges and the possible sentences; 4) counsel also testified that he had discussed the case with the Petitioner, and Petitioner understood that the charge he was pleading guilty to was based on conspiring, aiding and abetting in the distribution of crack

---

[7]This does not actually appear to be the claim Petitioner is raising in this federal habeas Petition. However, in light of Petitioner's pro se status and his allegations of mental incompetence, the undersigned has addressed Petitioner's exhausted claim(s) for the benefit of the Court.



11

cocaine; 5) this assertion was supported by the exchange between the Petitioner and the plea judge; 6) counsel testified that he did not request a mental evaluation because through his experience, he did not believe there was a mental health issue due to the discussions he had with Petitioner; 7) counsel testified that if he thought there were any mental health issues, he would have asked for an evaluation and has done so in the past; 8) Petitioner testified that he was taking medication for his mental illness; 9) Petitioner testified that he got a big shot of Haldol once a month at the mental health center; 10) a monthly injection of Haldol is given to patients where there is a problem with compliance in taking the medication on their own; 11) a person who has a major mental illness is competent to plead guilty when the mental illness is in remission due to medication; 12) Petitioner responded appropriately to the plea judge's questions; 13) no medical testimony was supplied at the PCR hearing; 14) the testimony of plea counsel was more credible than the testimony of the Petitioner; 15) Petitioner failed to prove his allegation of ineffective assistance of counsel by a preponderance of the evidence; and 16) the Petitioner failed to show prejudice. (R.pp. 97-99).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We ... accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531



12

U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient.



13

This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). Here, after careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

Petitioner testified at the PCR hearing that his diagnosis was something like "manic depression. It was manic depression and paranoia, schizophrenia," but that he was on medication at the time of his plea hearing. (R.pp. 68-69). Petitioner stated, however, that at the time of the plea he wasn't taking too much of his medication, and also testified that his counsel was not aware of his mental problems and did not bring the matter to the Court's attention "that I know of". (R.pp. 69-70). Petitioner also testified that he pled guilty based upon counsel's advice that he would probably receive a shorter sentence, did not expect to receive twenty (20) years, and wasn't satisfied with that sentence. (R.pp. 76-81). Petitioner's counsel testified he was aware of Petitioner's mental illness, that his notes reflected that Petitioner had been diagnosed with paranoid schizophrenia, and that he was receiving treatment for this condition. (R.pp. 82-83). Counsel also testified that based upon his experience, he did not think that a competency hearing would produce favorable results, and that he did not raise that issue with the Court. (R.p. 83).



14

At the guilty plea, Petitioner explained his involvement in the sale and how he took one person (the undercover agent) to another person to purchase drugs. (R.pp. 4-5). Petitioner also affirmed at his guilty plea that he understood that he could receive up to thirty (30) years. (R.p. 6). The record reflects that the Court specifically questioned Petitioner about being a mental patient and what drugs he was on to determine his competency, and found that Plaintiff was "cognizant of what we're talking about." (R.pp. 8-10).

The direct appeal court found no abuse of discretion in the trial judge's failure to order a mental competency examination, and the PCR court found that trial counsel was not ineffective, that his testimony was credible, and that although Petitioner testified at the PCR hearing that his counsel should have requested a competency hearing, he offered no evidence to show how a competency hearing would have benefitted him other than mere speculation, which is not sufficient to show ineffective assistance of counsel. The undersigned can find no basis in the record or the applicable caselaw to overturn the findings of the state court with regard to the Court's and counsel's failure to request or to obtain a competency evaluation. Evans, 220 F.3d at 312.

Petitioner has also failed to show that, even if his counsel had requested a competency hearing, he would been found incompetent. To the contrary, other than his own unsupported speculation which is contradicted by the record, Petitioner has offered no evidence to show that he was incompetent. See Jeter v. State, 417 S.E.2d 594, 596 (S.C. 1992)[Petitioner has burden of proof to show he was incompetent at time of plea]. Accordingly, Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly



15

established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; <u>Bell v. Jarvis</u>, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].

This claim is without merit and should be dismissed.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that this petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 4, 2010
Charleston, South Carolina

16

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

