IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Frank Damas Jones, | ) | C/A No.: 9:09-1978-JFA-BM |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | O R D E R |
| | ) | |
| Warden, Evans Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Frank Damas Jones, initiated this action pursuant to 28 U.S.C. § 2254 alleging challenging his state court conviction for distribution of crack cocaine. Specifically, petitioner contends that he was given too much time for the crime; that he did not sell crack; and that mental illness played a role in his crime.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the respondent's motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motions for summary judgment. The petitioner did not respond to the motion despite receiving multiple extensions of time and warnings about the consequences of not responding.

1

Recommendation, which was entered on the docket on June 4, 2010, and he has done so within the time limits prescribed. However, the petitioner's objections fail to specifically address any of the issues raised in the Report. In fact, the petitioner merely mentions that he lost one of his eyes while in prison and he asks the court "what's up with my law suits pertaining to my eye?"

Specifically, the Magistrate Judge finds that the petition was not timely filed under Section 2244(d)(1)(A) and should be dismissed. The Magistrate Judge also finds that notwithstanding the untimeliness and failure to show that he is entitled to equitable tolling, the petitioner's claims are either procedurally barred or without merit. This court agrees with the Magistrate Judge's reasoning which is set forth in the Report.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper and the Report is incorporated herein by reference.

Accordingly, the respondent's motion for summary judgment is granted and this action is dismissed with prejudice.

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The court has reviewed its order and pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a

2

denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

    IT IS SO ORDERED.

August 10, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge